UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAIS FLORES MARTINEZ, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>BISMILLAH BAWARCHI INC. (D/B/A BAWARCHI INDIAN CUISINE), AZIZ A KHAN,<br><br>*Defendants.* | 20-cv-04987<br><br><br>SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u> |

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Isais Flores Martinez ("Plaintiff Flores") on the one hand, Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine), ("Defendant Corporation"), and Aziz A. Khan, ("Individual Defendant"), (collectively, "Defendants"), on the other hand.

**RECITALS**

WHEREAS, Plaintiff Flores alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff Flores's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 20-cv-04987 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff Flores and his counsel, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement

and final satisfaction of any and all claims or potential claims Plaintiff Flores may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff Flores, the gross sum of Five Thousand Dollars and No Cents ($**5,000.00**) (the "Settlement Amount") to be paid to Plaintiff Flores's attorneys in Ten ("10") installments, as follows:

(a) Installment One: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(b) Installment Two: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit Sixty Days (60) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(c) Installment Three: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit Ninety Days (90) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(d) Installment Four: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit One Hundred Twenty Days (120) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(e) Installment Five: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit One Hundred Fifty Days (150) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(f) Installment Six: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit One Hundred Eighty Days (180) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(g) Installment Seven: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit Two Hundred Ten Days (210) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(h) Installment Eight: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit Two Hundred Forty Days (240) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(i) Installment Nine: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for

immediate deposit Two Hundred Seventy Days (270) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

(j) Installment Ten: A check in the amount of Five Hundred Dollars and No Cents ($500.00) made payable to "CSM Legal, P.C. as Attorney for Plaintiff Flores", for immediate deposit Three Hundred Days (300) after court approval of the settlement agreement, delivered to Plaintiff Flores's counsel.

Within 30 days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of CSM Legal, P.C. to the attention of Catalina Sojo, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, Defendants Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine) and Aziz A. Khan, shall each execute and deliver to Flores's counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibit collectively. The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff Flores's hereby irrevocably and unconditionally releases counsel, and will not be entered and/or filed at any time other than (i) the grace period is over, (ii) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Flores's counsel's escrow account, or Defendants fail to deliver the payments to Flores's counsel within five days of the Court approving the Agreement, <u>and</u> (iii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff Flores hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all FLSA and NYLL wage and hour charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other FLSA and NYLL wage and hour liabilities, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff Flores at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Defendants release and discharge Plaintiff Flores from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff Flores relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

5. <u>No Pending or Future Lawsuits</u>. The Plaintiff represents that he has no lawsuits, claims, or actions pending in his name, or on behalf of any other person or entity, against the Defendants or any other person or entity referred to herein. The Plaintiff also represents that he does not intend to bring any claims on his own behalf or on behalf of any other person or entity against the

Defendants or any other person or entity referred to herein. The Defendants represent that they have no lawsuits, claims, or actions pending in its name, or on behalf of any other person or entity, against the Plaintiff or any other person or entity referred to herein. The Defendants also represent that they do not intend to bring any claims on its own behalf or on behalf of any other person or entity against the Plaintiff or any other person or entity referred to herein.

7.  No Admission of Liability. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties hereto, or either of them, either previously or in connection with this Agreement shall be deemed or construed to be (a) an admission of the truth or falsity of any claims heretofore made or (b) an acknowledgment or admission by either party of any fault or liability whatsoever to the other party or to any third party or (c) shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

8.  Representations. Each party represents that it has had the opportunity to consult with an attorney, and has carefully read and understands the scope and effect of the provisions of this Agreement. Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

9.  Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Flores agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. Entire Agreement. This Agreement represents the entire agreement and understanding between the Plaintiff and the Defendants concerning Plaintiff's separation from the Defendants, and supersedes and replaces any and all prior agreements and understandings between the Parties concerning Plaintiffs relationship with the Defendants.

11. Taxes: Each payor of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

12. Costs. The Parties shall each bear their own costs, expert fees, attorneys' fees and other fees incurred in connection with this Agreement.

14. No Oral Modification. This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff Flores and Defendants.

15. Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such

counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission

16. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff Flores:

Catalina Sojo, Esq.
CSM LEGAL, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: catalina@csm-legal.com

To Defendants:

AZIZ A KHAN
1396 Madison Avenue,
New York, New York 10029

17. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

18. <u>Release Notification</u>: Plaintiff discussed the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he consulted with Michael Faillace & Associates, P.C., Plaintiff Flores acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff Flores confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

19. <u>Voluntary Execution of Agreement</u>. This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto. The Parties acknowledge that:

    (a)   They have read this Agreement;

(b) They have been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of their own choice or that they have voluntarily declined to seek such counsel;

(c) They understand the terms and consequences of this Agreement and of the releases it contains;

(d) They are fully aware of the legal and binding effect of this Agreement.

20. <u>Miscellaneous</u>. This Agreement constitutes the entire agreement among the parties, and there are no other understandings or agreements, written or oral, among them on the subject. Separate copies of this document shall constitute original documents, which may be signed separately but which together shall constitute a single agreement. This Agreement will not be binding on any party until signed by all parties or their representatives. This Agreement shall be effective as of the date of the last signature.

<u>PLAINTIFF:</u>

By: _____        Date: __5/19/2022__
    ISAIS FLORES MARTINEZ

<u>DEFENDANTS:</u>

By: _____        Date: _____
    BISMILLAH BAWARCHI INC.

By: _____        Date: _____
    AZIZ A. KHAN

(b)    They have been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of their own choice or that they have voluntarily declined to seek such counsel;

(c)    They understand the terms and consequences of this Agreement and of the releases it contains;

(d)    They are fully aware of the legal and binding effect of this Agreement.

20. Miscellaneous. This Agreement constitutes the entire agreement among the parties, and there are no other understandings or agreements, written or oral, among them on the subject. Separate copies of this document shall constitute original documents, which may be signed separately but which together shall constitute a single agreement. This Agreement will not be binding on any party until signed by all parties or their representatives. This Agreement shall be effective as of the date of the last signature.

PLAINTIFF:

By: _____       Date: _____
   ISAIS FLORES MARTINEZ

DEFENDANTS:

By: _____*A.K*_____       Date: __06/07/2022__
   BISMILLAH BAWARCHI INC.

By: _____*A.K*_____       Date: __06/07/2022__
   AZIZ A. KHAN

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
---------------------------------------X

ISAIS FLORES MARTINEZ, *individually and on behalf of others similarly situated*,

        Plaintiff,

-against-

Index No.: **20-cv-04987**

BISMILLAH BAWARCHI INC. (D/B/A BAWARCHI INDIAN CUISINE), FRESH FOOD NYC INC. (D/B/A BAWARCHI INDIAN CUISINE), AZIZ A KHAN, and MOHAMMED A. MAHBUB,

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

        *Defendants*.

---------------------------------------X

STATE OF NEW YORK    )
                               : ss.:
COUNTY OF               )

1. I reside in **QUEENS** County.

2. I, **AZIZ KHAN**, am the President Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine), duly authorized to make this affidavit of confession of judgment on behalf of Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine).

3. Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine), maintains its principal place of business in New York County at 1546 Madison Avenue, New York, NY 10029.

4. Pursuant to the terms of the Settlement Agreement and Release by and between Isais Flores Martinez (each a "Plaintiff" and collectively, "Plaintiffs") and Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine), and Aziz A. Khan, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, we hereby confess judgment and authorize entry thereof against Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine) in favor of Plaintiff for the sum of Five Thousand Dollars and No Cents ($5,000.00), less any payments made under the Settlement Agreement.

5. This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $5,000.00 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $5,000.00.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which we acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $5,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against the Defendants.

Bismillah Bawarchi Inc.

By: _Aziz Khan_

Title: President

STATE OF _New York_ )
: ss.:

On _June 7th_, 2022, before me personally came _Aziz khan_, to me known, who, by me duly sworn, did depose and say that deponent resides at _63 37 austin Apt 1A_, that deponent is the President of Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine). the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of 94 Corner Cafe Corp. and was authorized to do so.

_[signature]_
Notary Public

ROBERT GROSS
Notary Public, State of New York
Reg. No. 02GR6195059
Qualified in New York County
Commission Expires Oct. 20, _24_

EXHIBIT B

Case 1:20-cv-04987-JW    Document 46    Filed 06/16/22    Page 11 of 13

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ISAIS FLORES MARTINEZ, *individually and on behalf of others similarly situated,* | : |
| | : |
| Plaintiff, | : |
| | : Index No.: **20-cv-04987** |
| -against- | : |
| | : |
| BISMILLAH BAWARCHI INC.  (D/B/A BAWARCHI INDIAN CUISINE), FRESH FOOD NYC INC.  (D/B/A BAWARCHI INDIAN CUISINE), AZIZ A KHAN, and MOHAMMED A. MAHBUB, | : |
| | : **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| | : |
| *Defendants.* | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF             )

1. I reside in   Queens   County.

2. Pursuant to the terms of the Settlement Agreement and Release by and between Isais Flores Martinez (each a "Plaintiff" and collectively, "Plaintiffs") and Bismillah Bawarchi Inc. (d/b/a Bawarchi Indian Cuisine), and Aziz A. Khan, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually in favor of Plaintiff for the sum of Five Thousand Dollars and No Cents ($5,000.00), less any payments made under the Settlement Agreement.

3. This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $5,000.00 to Plaintiff.  The amount of this affidavit of confession of judgment represents the settlement amount of $5,000.00.

4. This affidavit is made upon good and valuable consideration, the sufficiency of which we acknowledge, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $5,000.00 (less any amounts already paid to Plaintiff pursuant to the above schedule), against the Defendants.

Aziz A. Khan

By: _____

Sworn to before me this
__7__ day of __JUNE__, 2022

_____
Notary Public

ROBERT GROSS
Notary Public, State of New York
Reg. No. 02GR6195059
Qualified in New York County
Commission Expires Oct. 20, __24__